

FILED IN OFFICE
GWINNETT COUNTY, GA
2018 SEP 24  PM 3: 24
RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

LINDA WATTS,                          )
                                      )
      Plaintiff,                    )
                                      )       C 07392-2
v.                                    )
                                      )   Civil Action No. _____
WAL-MART STORES, INC. and             )
WAL-MART STORES EAST, LP;             )
                                      )
      Defendants.                   )

### COMPLAINT

COMES NOW Plaintiff and files this Complaint for Damages, as follows:

### JURISDICTION AND VENUE

**1.**

Defendant Wal-Mart Stores East, LP is a limited partnership authorized to do business in Georgia. Wal-Mart Stores East may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

**2.**

Jurisdiction and venue are proper as to Wal-Mart Stores East.

**3.**

Wal-Mart Stores East has been properly served with process in this action.

**4.**

Defendant Wal-Mart Stores, Inc. is a corporation authorized to do business in Georgia. Wal-Mart Stores may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.



DEFENDANT'S
EXHIBIT
B

5.

Jurisdiction and venue are proper as to Wal-Mart Stores.

6.

Wal-Mart Stores has been properly served with process in this action.

7.

Venue is proper in Gwinnett County under O.C.G.A. § 14-2-510 because Defendants maintain a registered agent here.

## OPERATIVE FACTS

8.

On October 16, 2016, Plaintiff Linda Watts ("Watts") was shopping at the Wal-Mart store located at 6435 Bells Ferry Road, Woodstock, Georgia 30189. At all times relevant to this case, the Bells Ferry Wal-Mart store is owned, occupied, managed, and operated by the Wal-Mart Defendants.

9.

After purchasing several items at the cash register, Watts began walking away from the register to leave the store. As she was walking away, Watts stepped on a floor mat near the cash register. As a result of a substance pooling beneath the mat, the mat slipped when Watts stepped on it.

10.

As a result of the slipping mat, Watts fell and hit the floor, causing serious injury to her neck, back, and shoulder, ultimately requiring surgery.

2

11.

At the time of her fall, Watts was an invitee of Defendant Wal-Mart Stores East.

12.

At the time of her fall, Watts was an invitee of Defendant Wal-Mart Stores, Inc.

13.

Watts was injured in the fall.

14.

Watts incurred medical bills in the course of receiving treatment for the fall.

15.

Before Watts' fall, Wal-Mart knew that there was a substance under the mat.

16.

Wal-Mart Defendants should have known of the hazard due to the presence of employees in the immediate vicinity of the fall, the length of time the spill was present, and because Wal-Mart failed to follow reasonable policies and procedures for inspecting the areas around the cash register.

17.

Before Watts's fall, Wal-Mart Defendants did not place any warning signs in the area where Watts fell to alert customers of the hazard, and in fact provided no warning whatsoever to Watts.

3

**18.**

Watts exercised ordinary care at the time of the incident and is completely free of any negligence.

## LEGAL CLAIMS

**19.**

As the owner and occupier of the subject Wal-Mart store, Wal-Mart Defendants owed Watts a duty to exercise ordinary care to keep the premises and approaches safe.

**20.**

Wal-Mart Defendants knew or should have known that the hazardous condition on the premises posed a risk to Wal-Mart's patrons, including Plaintiff, and that the failure to correct, mark, remove, and/or repair said conditions was likely to result in injuries to its invitees.

**21.**

Wal-Mart Defendants had actual and constructive knowledge of the defective and hazardous condition(s) existing in its store and premises due to the presence of its employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

22.

Wal-Mart Defendants had actual knowledge of the defective and hazardous condition(s) existing in its store and premises through the direct knowledge of its employees and agents.

23.

Although Wal-Mart Defendants knew or should have known of the risks of injuries to its invitees from the hazardous conditions, they negligently failed to take reasonable precautions to guard against the dangerous conditions and failed to protect its invitees from the conditions, including Plaintiff.

24.

Wal-Mart Defendants negligently failed to ensure that the Wal-Mart store was safe for its patrons, including Plaintiff, and failed to inspect, repair, maintain, warn, or mark the dangerous condition, thereby causing Plaintiff's injuries.

25.

Wal-Mart Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a)  Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b)  In failing to properly inspect and maintain the premises;

c)  In knowingly allowing its invited guests to use an unsafe area of the premises;

5

d) In failing to post warning signs or warning markings;

e) In failing to properly train and supervise its employees to the care of said premises; and

f) In negligently retaining, entrusting, hiring, training and supervising said employees.

26.

Each of the forgoing acts and omissions constitute an independent act of negligence by Wal-Mart Defendants and one or more or all of said herein above stated acts was the proximate cause of the injuries and damages sustained by Plaintiff.

27.

The injuries sustained by Plaintiff are the direct and proximate result of Wal-Mart Defendants' negligence. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

28.

Because of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses, likely exceeding $40,000.00, and will continue to incur expenses in the future.

29.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including

but not limited to all compensatory, general, special, incidental, consequential, punitive and other damages permitted.  Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Past, present and future medical expenses, likely exceeding $40,000.00;

d) Disability;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Incidental expenses;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

30.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Wal-Mart and its agents and employees showed an entire want of care, raising the presumption of conscious indifference to consequences.

31.

Plaintiff is entitled to attorney's fees and the expenses of litigation because Wal-Mart's actions evidence a specious of bad faith, were and are stubbornly

litigious, and have caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to her and against the Defendant for the following:

1)  Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

2)  Plaintiff be awarded all general, special, compensatory, economic, punitive, attorney's fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

3)  Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of the jury;

4)  Plaintiff be awarded a trial by jury; and

5)  Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Dated: September __17__, 2018

[signature on following page]

8

Respectfully submitted,

PIASTA NEWBERN WALKER, LLC

Michael P. Walker
Georgia Bar No. 954678
Christopher B. Newbern
Georgia Bar No. 314463

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
(404) 996-1296
Fax: (404) 996-1316

9

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LINDA WATTS,                                      Civil Action File No.
                                                 18-C-07392-2
            Plaintiff,

v.

WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP.,

            Defendants.
_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants WAL-MART STORES, INC. (erroneously named)

and WAL-MART STORES EAST, LP and make this Answer to Plaintiff's Complaint

as follows:

### FIRST DEFENSE

Wal-Mart Stores, Inc. is not a proper Defendant.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

### THIRD DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## FOURTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## FIFTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## SIXTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SEVENTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## EIGHTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the

United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.   (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>TENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendants equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition

of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## TWELFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendants, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

## THIRTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants admit the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

6.

Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's

Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

8.

Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's

Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), e) and f) thereof.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), e), f), g), h) and i) thereof.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

All other allegations contained in the Complaint which are not specifically
responded to herein, are, therefore, denied.

33.

Defendant denies Plaintiff's prayer for relief, including subparagraphs 1), 2),
3), 4) and 5) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with
all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF
TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088

Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -11-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANTS has this day been served upon opposing counsel, by placing same

in the United States Mail, postage prepaid, and addressed as follows:

Michael P. Walker
Christopher B. Newbern
Piasta Newbern Walker, LLC
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339

This the ⎵⎵ day of October, 2018.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com